**GUAJARDO et al. v. SUPREME FOREST, WOODMEN CIRCLE.**

No. 12344.

Court of Civil Appeals of Texas. Dallas.

March 19, 1938.

B. Ray Smith, of Corpus Christi, for appellants.

Wm. H. Flippen and Dan P. Johnston, both of Dallas, for appellee.

BOND, Chief Justice.

Appellee is a fraternal benefit society, operating under chapter 8, article 4820 et seq., title 78, R.C.S., as amended, Vernon's Ann.Civ.St. art. 4820 et seq. Appellants' suit is based upon a certificate of insurance, providing for death benefits in the sum of $1,000 and an elective benefit in the sum of $500, for total and permanent disability of the insured provided such disability shall occur while the certificate remains in full force and effect and before the certificate is permitted to lapse for nonpayment of dues, furnishing to the society satisfactory proof of such disability and the surrender of the certificate for cancellation.

The policy lapsed for nonpayment of dues in January, 1934, and no contention is here made that insured furnished proof of disability direct to appellee, but that the financial secretary of its local camp, or grove, was notified of the disability and the certificate surrendered to the secretary for cancellation before January, 1934, and, because of past practice and custom of the local camp and its officers, appellee was led to believe that she had thus fully complied with the provisions of the certificate; that such knowledge, custom, and practice of the local camp and its secretary are imputed to the Supreme Lodge, and that it thereby waived the provisions of the policy requiring that proof of disability be made direct to the society.

The basic fact on which this case turns, is that neither the subordinate camp or grove, nor any of its officers or members, had authority to waive any of the provisions of the certificate, constitution, laws or by-laws of the Supreme Lodge, which provide that no officer of a local lodge has authority to bind the society, or waive any of the provisions of the certificates. It is well settled that neither the financial secretary of a local camp, nor the camp itself could, by their knowledge or acts, do that which they were without power to do under the terms of the certificate, constitution, and by-laws of the society, and which the insured knew they could not do. Fraternal benefit societies are governed by express statutes, are exempt from all provisions of the insurance laws of the state, article 4823, and have been conferred the authority, article 4846, to limit the power of subordinate camps and officers to waive the terms of their policies. Sovereign Camp, W.O. W., v. Cameron, Tex.Civ.App., writ refused, 41 S.W.2d 283; Sovereign Camp, W.O.W., v. Moraida, Tex.Com.App., 113 S.W.2d 177.

Judgment of the trial court is affirmed.